IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**BLOCK USA GULF COAST DIVISION, L.L.C.**
an Alabama limited liability corporation,
        Plaintiff,

vs.                                       3:06cv455/MCR/MD

**WHITEMAN MASONRY, INC. et al.,**
        Defendants.

---

## REPORT AND RECOMMENDATION

      This case is before the court upon the motion for summary judgment filed by plaintiff Block USA Gulf Coast Division L.L.C. ("Block") against defendants Whiteman Masonry, Inc. ("Whiteman Masonry") and Charles J. Whiteman a/k/a Charles Whiteman a/k/a Chuck Whiteman ("Whiteman")  as to Counts II, III and IV of the complaint.  Plaintiff contends that there are no genuine issues of material fact relating to the essential elements of these causes of action and that it is entitled to summary judgment as a matter of law.   Default was entered against Whiteman Masonry (doc. 16) and defendant Whiteman failed to oppose the summary judgment motion.

      Upon review of the record, it is the opinion of the undersigned that the plaintiff's motion for summary judgment should be granted.

### Background

      Plaintiff Block filed a five count complaint against defendants Whiteman Masonry, Whiteman, Kraft Construction Company, Inc. ("Kraft") and Safeco

Insurance Company of America ("Safeco") in this court on October 17, 2006. Count I alleged that defendants Kraft and Safeco, who have since been dropped as parties in this action (doc. 26) breached a payment bond. Counts II and III against Whitman Masonry allege breach of open account and breach of contract respectively. Counts IV and V against Whiteman allege breach of contract based on breach of guarantee and unjust enrichment based on a breach of implied-in-fact contract.[1]

Defendants Whitman and Whiteman Masonry executed a written contract agreement to pay for materials and supplies provided by plaintiff. (Doc. 1, exh. C). Plaintiff asserts in the motion for summary judgment that it provided materials and supplies pursuant to the contract for which payment was not rendered, although no objection as to the suitability of the materials provided was made. Plaintiff contends that defendant Whiteman admitted most of the factual allegations of Counts II, III and IV, specifically including contract formation, performance by plaintiff and liability. (Doc. 1, ¶¶ 30, 31). In fact, defendant Whiteman did not admit liability, as he denied the paragraph of the complaint alleging that Whiteman Masonry had "breached the contract by failing and refusing to pay the amount due and owing for the materials and services provided by plaintiff."  (Doc. 1, ¶ 32; doc. 6 ¶ 32). However, he has failed to oppose plaintiff's reassertion of liability in its summary judgment motion.

Plaintiff maintains in the motion for summary judgment that there remains due and owing a principal balance of $82,294.39. As proof thereof, it offers the Affidavit in Proof of Indebtedness and Military Status of Robert Mestre, the Corporate Credit Manager for the plaintiff, and records custodian of the account which is the subject of this action. (Doc. 25).   Although the amount identified in counts II and III of the complaint was $131,144.39, Mestre's affidavit indicates that plaintiff received a payment in the amount of $48,850.00 from now-dropped defendant Kraft on January 26, 2007.  Plaintiff contends it is also entitled to pre-judgment interest on the

---

[1] The complaint indicates that count V is brought "in the alternative to Counts I through IV."  (Doc. 1 at ¶ 46).

*Case No: 3:06cv455/MCR/MD*

principal sum at the contract rate of 18% per annum and that the contract provides for recovery of a reasonable attorney's fee and all costs and other expenses incurred by plaintiff pursuant to the terms of the contract.  (Doc. 25, exh. A).

Legal Analysis

On a motion for summary judgment, this court must evaluate the record in the light most favorable to defendants as the nonmovants and grant plaintiff's motion only if the record demonstrates that there is no genuine issue of material fact and that plaintiff is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986); *Lee v. Ferraro*, 284 F.3d 1188, 1190 (11th Cir. 2002); F.R.C.P. 56.  The court must resolve all disputes and draw all inferences in the nonmovant's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); see also *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir.1999).  Summary judgment is improper "[i]f a reasonable fact finder could draw more than one inference from the facts, and that inference creates a genuine issue of material fact."  *Cornelius v. Highland Lake*, 880 F.2d 348, 351 (11th Cir. 1989), *cert. denied*, 494 U.S. 1066, 110 S.Ct. 1784, 108 L.Ed.2d 785 (1990).  An issue of fact is "material" if it might affect the outcome of the case under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986).  It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party.  *Id.*; *see also Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986).  Finally, it is improper for the district court to make credibility determinations on a motion for summary judgment.  *Miller v. Harget,* 458 F.3d 1251, 1256 (11th Cir. 2006); *Bischoff v. Osceola County,* 222 F.3d 874, 876 (11th Cir. 2000); *Harris v. Ostrout*, 65 F.3d 912, 916-17 (11th Cir. 1995); *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986); *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1531 (11th Cir. 1987).

Plaintiff's evidence establishes the existence of a contract, plaintiff's performance thereof, undisputed amounts due under the contract, and defendants' non-payment of these amounts.  As noted above, defendant Whiteman Masonry was defaulted, and defendant Whiteman failed to respond in opposition to the motion for summary judgment.  Thus, there is <u>no</u> evidence in support of a position contrary to that of the plaintiff,  much less any evidence creating a genuine issue of material fact that would preclude the entry of summary judgment in plaintiff's favor.  *See Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 160, 90 S.Ct. 1598, 1609-10, 26 L.Ed.2d 142 (1970).

Accordingly,  it is respectfully RECOMMENDED:

That plaintiff's motion for summary judgment (doc. 22) be GRANTED.

That judgment be entered for the plaintiff jointly and severally against defendants Whiteman Masonry, Inc. and Charles J. Whiteman a/k/a Charles Whiteman a/k/a Chuck Whiteman  in the amount of $82,294.39, plus accrued interest at 18% per annum through March 15, 2007 of $28,724.75, plus a per diem of $40.58 thereafter through the date that judgment is entered.

That plaintiff's counsel be required to submit appropriate supporting documentation to sustain an award of reasonable attorneys' fees and costs within thirty days from the date of an order adopting this recommendation.

At Pensacola, Florida, this 13th day of April, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).