IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**BLOCK USA GULF COAST DIVISION, L.L.C.,**
   **Plaintiff,**

vs.                                                              Case No. 3:06cv455/MCR/MD

**WHITEMAN MASONRY, INC., et. al,**
   **Defendants.**

_____

**REPORT AND RECOMMENDATION**

In this civil action arising out of a breach of contract claim, plaintiff was awarded more than $110,000 in principal and interest (doc. 33). The contract provides for the payment of reasonable attorney fees to the successful party, and plaintiff now asks for an award of fees and costs (docs. 36-39).

The court is well familiar with the process of awarding fees in contractual agreements that provide for a reasonable fee. "The first step in computing a reasonable fee is to determine the lodestar, which is the product of the number of hours reasonably worked by a lawyer and a reasonable hourly rate." *Dillard v. City of Greensboro,* 213 F.3d 1347, 1354 (11th Cir. 2000). Because the court is guided by equitable principles in determining a reasonable fee, *Durrett v. Jenkins Brickyard, Inc.* 678 F.2d 911, 917 (11th Cir. 1982)(citing *Faraci v. Hickey-Freeman Co.,* 607 F.2d 1025, 1028 (2nd Cir. 1979), those principles must necessarily be employed in determining both the reasonable hourly rates to be employed and the number of

hours reasonably worked.

Plaintiff's counsel's affidavit and attachments (doc. 38) indicated that the standard rates for the attorneys who worked on this case is from $200 to $290 per hour, and they spent 14.7 attorney hours and 24.05 legal assistant hours on the case. Counsel also says these rates were agreed to by the plaintiff, and were paid by the plaintiff. Plaintiff's counsel has also presented an affidavit from a local attorney who opines that a reasonable hourly rate is $300 per hour, and that a reasonable fee is $7,500.

Counsel seeks only the amount billed and paid by the client, and the undersigned finds the requested time and billing rates to be reasonable. Therefore, the requested fee of $6,357.25 is reasonable. Plaintiff also asks for $400.00 as the filing fee and for service of process.

Accordingly, it is respectfully RECOMMENDED that the court award plaintiff's counsel, McDonald-Fleming-Moorehead, the sum of $6,327.45 as reasonable attorney fees plus $400.00 in costs.

At Pensacola, Florida, this 6th day of August, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:06cv455mcrmd*